FILED
NOVEMBER 27, 2007
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CHASE BERNARDI, | ) | |
| Plaintiff, | ) | No. |
| vs. | ) | Judge |
| | ) | Magistrate Judge |
| CITY OF CHICAGO, | ) | |
| A Municipal Corporation; and | ) | Jury Demand |
| Unknown Chicago Police Officers | ) | |
| John Does 1-2; | ) | |
| Defendants. | ) | |

**07 C 6656**

**JUDGE SHADUR**
**MAGISTRATE JUDGE VALDEZ**

## COMPLAINT

1. This is an action for money damages brought pursuant to 42 U.S.C. § 1983, and the Fourth and Fourteenth Amendments to the United States Constitution.

2. Jurisdiction for Plaintiff's federal claims is based on 28 U.S.C. §§ 1331 and 1343(a).

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), in that the claims arose in this district as alleged below.

### Parties

4. Plaintiff is a citizen of the United States, and a resident of Chicago, Illinois.

5. Defendant police officers are duly appointed and sworn Chicago police officers. At all times relevant to this Complaint, the Defendant-Officers were acting in the course and scope of their employment, and under color of state law, ordinance and/or regulation.

6. The Defendant-Officers are sued in their individual capacities.

7. The CITY OF CHICAGO is a municipal corporation, duly incorporated under the laws of the State of Illinois, and is the employer and principal of the Defendant-Officers.

### Facts

8. Plaintiff is a 23 year-old male who returned to Chicago in July 2005 after serving in the United States Military in Iraq.

9. On or about August 23, 2006, Plaintiff CHASE BERNARDI was on his way

home from work at the University of Chicago.

10. Plaintiff saw his friend, Shannon, while walking on 92nd Street in Chicago.

11. Plaintiff also saw two Chicago police officers in an unmarked police car at the corner of 92nd Street and Ashland Avenue.

12. Plaintiff stopped and had a short conversation with Shannon.

13. After Plaintiff finished speaking with Shannon, he continued to walk home.

14. When Plaintiff reached the corner of Marshfield and 92nd, he looked back and saw the officers searching Shannon.

15. Plaintiff continued walking on 92nd Street.

16. As Plaintiff approached Paulina, a second unmarked Chicago police turned onto 92nd from Paulina and stopped in the middle of the street.

17. The officers in the second police car, Defendants herein, exited their car and approached Plaintiff.

18. The driver grabbed Plaintiff's left arm.

19. Plaintiff was seized and not free to leave.

20. Plaintiff had not violated any city, state or federal law. Defendant-Officers did not have any reason to believe that Plaintiff had violated, or was about to violate, any city, state or federal law. Defendant-Officers did not have an arrest warrant, probable cause, reasonable suspicion, consent, or any other lawful basis to stop, detain, or search Plaintiff.

21. The passenger asked Plaintiff, "What the fuck are you doing over here?"

22. The passenger grabbed Plaintiff by his right arm, twisted Plaintiff's arm behind his back, and slammed Plaintiff on the back of the police car.

23. Plaintiff was then handcuffed.

24. The Defendant-Officers searched Plaintiff's person.

25. No contraband or evidence of criminal activity was found on Plaintiff's person.

26. Defendant-Officers did not have an arrest warrant, probable cause, exigent circumstances, or any other legal justification to search Plaintiff's person.

27. Defendant-Officers again asked Plaintiff what he was doing in this neighborhood.

28. Plaintiff was placed into the back of the police car.

29. The passenger walked to the location where the other Chicago police officers that were with Shannon.

30. The driver stayed with Plaintiff.

31. A short time later, the other police officers left the scene with Shannon in custody.

32. The passenger came back to his car where Plaintiff was still handcuffed in the backseat.

33. Defendant-Officers removed Plaintiff's handcuffs and told him to leave.

34. After Plaintiff was released, Plaintiff went to the hospital for medical treatment.

35. Plaintiff suffered ligament damage to his right shoulder.

36. Each individual Defendant-Officer acted willfully, wantonly, maliciously, oppressively, and with a conscious disregard and deliberate indifference to Plaintiff's rights.

37. As a direct and proximate result of the acts of the Defendants described above, Plaintiff has suffered and continues to suffer damages including loss of physical liberty, emotional distress, physical pain and suffering, mental anguish and humiliation, and special damages including medical expenses, and lost wages.

## COUNT I
### (42 U.S.C. § 1983 – Unreasonable Seizure)

38. Plaintiff realleges paragraphs 1 through 37 as if fully set forth herein.

39. Defendant-Officers did not have a lawful basis to stop or seize Plaintiff.

40. The actions of Defendant-Officers in seizing Plaintiff without any legal justification or probable cause, violated his Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from unreasonable seizures.

WHEREFORE, Plaintiff asks that this Honorable Court:

a) Enter judgment against Defendant-Officers;

b) Award compensatory and punitive damages, as determined at trial;

c) Award attorneys' fees and costs;

d) Award such other and additional relief that this Honorable Court deems just and equitable.

## COUNT II
### (42 U.S.C. § 1983 – Excessive Force)

41. Plaintiff realleges paragraphs 1 through 37 as if fully set forth herein.

42. The actions of Defendant-Officers violated Plaintiff's Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from the use of excessive and unreasonable force.

WHEREFORE, Plaintiff asks that this Honorable Court:

a) Enter judgment against Defendant-Officers;

b) Award compensatory and punitive damages, as determined at trial;

c) Award attorneys' fees and costs;

d) Award such other and additional relief that this Honorable Court deems just and equitable.

## COUNT III
### (42 U.S.C. § 1983 – Illegal Search of Person)

43. Plaintiff realleges paragraphs 1 through 37 as if fully set forth herein.

44. The actions of Defendant-Officers in searching Plaintiff's person without any legal justification or probable cause violated his Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from unreasonable searches.

WHEREFORE, Plaintiff asks that this Honorable Court:

a) Enter judgment against Defendant-Officers;

b) Award compensatory and punitive damages, as determined at trial;

c) Award attorneys' fees and costs;

d) Award such other and additional relief that this Honorable Court deems just and equitable.

## COUNT IV
### (Indemnification Claim pursuant to 745 ILCS 10/9-102)

45. Plaintiff realleges all of the above paragraphs and counts as if fully set forth herein.

46. The acts of the individual Defendant-Officers described in the above claims were willful and wanton, and committed in the scope of employment.

47. Pursuant to the Illinois Tort Immunity Act, 745 ILCS 10/9-102, Defendant CITY OF CHICAGO is liable for any judgments in this case arising from the actions of the Defendant-

Officers.

WHEREFORE, Plaintiff asks that this Honorable Court order Defendant CITY OF CHICAGO to indemnify the Defendant-Officers for any judgment entered in this case arising from their actions.

**Plaintiff demands trial by jury on all counts.**

Respectfully submitted,

/s/Lawrence V. Jackowiak
*Counsel for the Plaintiff*

Lawrence V. Jackowiak
Louis J. Meyer
Daniel P. Kiss
Law Offices of Lawrence V. Jackowiak
20 North Clark Street, Suite 1700
Chicago, Illinois 60602
(312) 795-9595