UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CHASE BERNARDI, | ) | |
| | ) | |
| Plaintiff, | ) | No. 07 C 6656 |
| | ) | |
| vs. | ) | Judge Shadur |
| | ) | Magistrate Judge Valdez |
| CITY OF CHICAGO, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S MOTION TO TOLL STATUTE OF LIMITATIONS**

NOW COMES the Plaintiff, through counsel, and moves this Honorable Court to enter an order tolling the statute of limitations due to Plaintiff's counsel diligent effort to identify the unknown officers, and due to Plaintiff's active military service. In support thereof, Plaintiff states as follows:

1. This is a § 1983 action where Plaintiff alleges unreasonable seizure, excessive force, and illegal search of person.

2. Plaintiff is now an active servicemember in the United States Army.

3. The occurrence in this case took place on August 23, 2006, when Plaintiff was walking home from work. On the way, Plaintiff ran into a friend and stopped and had a brief conversation.

4. After the conversation, without provocation or justification, two unknown Chicago police officers, Defendants herein, grabbed Plaintiff, twisted his arm behind his back, and slammed him on the back of the police car.

5. After questioning in the back of the police car, the Defendants removed Plaintiff's handcuffs and told him to leave.

6. After Plaintiff was released, Plaintiff went to the hospital for medical treatment.

7. Shortly after the incident, Plaintiff went to the Office of Professional Standards (OPS) and made a complaint. Plaintiff was shown a photo line-up, and was able to identify the officers during that photo line-up.

8. This case was filed on November 27, 2007, alleging unreasonable seizure, excessive force and illegal search of person.

9. Since filing the complaint, Plaintiff has been attempting to identify the unknown Defendant-Officers.

10. Early in litigation, Plaintiff was told by Corporation Counsel that there was no OPS file for Plaintiff's claim.

11. On January 11, 2008, Plaintiff served his initial Rule 26(a)(1) disclosures. Defendant has yet to serve 26(a)(1) disclosures.

12. On February 26, 2008, Plaintiff's counsel sent Defendant's counsel a letter regarding the outstanding 26(a)(1) disclosures and raised the issue of trying to identify the unknown officers. (See Exhibit 1.)

13. On February 27, 2008, Plaintiff's counsel spoke with Defendant's counsel and provided Defendant's counsel with all the information Plaintiff had regarding the identity of the officers, including their race, gender, and the fact that they were plain-clothes officers in an unmarked police vehicle.

14. The parties decided that Plaintiff would need to perform a photo line-up to discovery the identities of the officers involved.

15. The parties had difficulty scheduling the photo line-up as Plaintiff is in the Army stationed in Fort Riley, Kansas.

16. The week of August 11, 2008, Plaintiff informed his counsel that he would be in the Chicago area on August 18-24, and would be available to conduct the photo line-up.

17. The parties initially scheduled Plaintiff's photo line-up for Wednesday, August 20, 2008. Plaintiff later was told that he could not attend it as his commanding officer would not allow him to leave his assignment for the day.

18. The parties re-scheduled Plaintiff's photo line-up for Thursday, August 21, 2008.

19. On the way to perform the photo line-up, Plaintiff again informed his counsel that he already viewed a photo line-up shortly after the incident and identified the officers. Plaintiff was able to describe the way the photo line-up was conducted and pointed out the building where the line-up took place.

20. When Plaintiff and counsel arrived at police headquarters to perform the line-up, Defendant's counsel stated for the first time that there was an OPS file for Plaintiff's claim. Defendant's counsel stated that she would provide the OPS file by Friday, August 22, 2008.

21. Plaintiff and his counsel made the decision to not view another photo line-up, as it

had been almost two years since the incident, and would wait for the OPS file to receive the results of the first photo line-up that Plaintiff performed shortly after the incident.

22. On Friday, August 22, 2008, Defendant's counsel called Plaintiff's counsel claiming that there was no photo line-up within the OPS file. It appears that the OPS file that Defendant's counsel received was not the same OPS file that Plaintiff opened shortly after the incident. Additionally, Defendant's counsel claimed that OPS could not locate any other files for Plaintiff.

23. After learning that the results from the first photo line-up were not in the OPS file found by Defendants, Plaintiff's counsel contacted Plaintiff to try and schedule a photo line-up prior to Monday, August 25, 2008, the two-year statute of limitation date. Plaintiff, however, was already on his way back to Fort Riley, Kansas.

24. Plaintiff is not sure when he will be granted leave to return back to Chicago to perform a new photo line-up.

25. Plaintiff has acted diligently to identify the unknown officers, but has not been able to do so within the two-year statute of limitations date. On this basis, Plaintiff respectfully requests that this Honorable Court toll the statute of limitations.

26. In the alternative, Plaintiff respectfully requests that the Court order the statute of limitations tolled pursuant to the Servicemembers Civil Relief Act, which, in relevant part, provides that: "The period of a servicemember's military service may not be included in computing any period limited by law, regulation, or order for the bringing of any action or proceeding in a court..." 50 App. U.S.C.A. § 526.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter an order tolling the statute of limitations, allow Plaintiff's counsel to conduct discovery to locate the missing documents and information from the OPS file related to the photo line-up, including, but not limited to: taking the deposition of a computer technician from the City of Chicago regarding log-ins for conducting photo line-ups at the Office of Professional Standards, issuance of a subpoena for all records of log-ins regarding photo line-up for the week following the August 23, 2006, incident, and for any other relief that the Court deems just.

>Respectfully submitted,
>
>/s/ Lawrence V. Jackowiak
>*Counsel for the Plaintiff*

Lawrence V. Jackowiak
Louis J. Meyer
Daniel P. Kiss
Law Offices of Lawrence V. Jackowiak
20 North Clark Street, Suite 1700
Chicago, Illinois  60602
(312) 795-9595